## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KEVIN LEE MILLETARY,         )
                                )
Plaintiff,              )
                                )
    v.                 )         NO. 2:17-CV-246
                                )
WESTVILLE CORRECTIONAL    )
FACILITY,               )
                                )
Defendant.             )

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Complaint (DE #1) and the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee (DE #2), both filed by Plaintiff, Kevin Lee Milletary, on June 1, 2017. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE;**

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **April 27, 2018,** to file an amended complaint in accordance with this order and either pay the filing fee <u>or</u> re-file his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Kevin Lee Milletary ("Plaintiff") initiated this case by filing a complaint (DE #1) and petition to proceed *in forma pauperis* ("IFP") (DE #2) on June 1, 2017. In his complaint, Plaintiff lists one defendant, the Westville Correctional Facility (the "WCF"). While Plaintiff was incarcerated, he worked for the WCF Maintenance Department. (DE #1, p. 2.) Plaintiff alleges that, in 2016 during the second week of July, the WCF "failed to provide [him] with eye protection (safety glasses) while [he was] hammer drilling into a ceiling of metal lath and plaster." (*Id.*) According to Plaintiff, an unnamed supervisor told him that his "shop boss" did not issue safety glasses to the workers because they were "waiting for new ones to come in" and were not readily available. (*Id.* at 2-3.) As a result, debris from the ceiling fell into Plaintiff's right eye, lacerated his cornea, and became "stuck." (*Id.* at 3.) Plaintiff allegedly complained of being in severe pain for two days, before he was taken to a nurse who washed his eye out and provided drops along with an eye patch to wear for a week. (*Id.*) After several requests, he was taken to an eye doctor who determined that Plaintiff has a "scar on [his] right eye

that causes [his] vision to be permanently blurry." (*Id*.)
Plaintiff requests monetary relief to "cover the cost to repair
[his] eye and damages for pain and suffering." (*Id*. at 4.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent
plaintiff to commence a civil action without prepaying the
administrative costs (e.g. filing fee) of the lawsuit. See 28
U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27
(1992). When presented with an IFP application, the district court
makes two determinations: (1) whether the suit has sufficient
merit; and (2) whether the plaintiff's poverty level justifies IFP
status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841
F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss
the complaint if (a) the allegation of poverty is untrue, (b) the
action is frivolous or malicious, (c) the action fails to state a
claim upon which can be granted, or (d) the action seeks monetary
relief against a defendant who is immune from such relief. 28
U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief
can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court
applies the same standard as it would to a motion to dismiss filed
pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v.
Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to
dismiss under Rule 12(b)(6), a court must accept all well-pleaded

factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc*., 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

*Sufficient Merit*

To state a valid cause of action under 42 U.S.C. section 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The ultimate question in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In addressing a claim brought under section 1983, the analysis begins by identifying the specific constitutional right allegedly

infringed by the defendant's actions. *Graham v. Connor*, 490 U.S. 386, 394, (1989). Section 1983 allows suit against any person who, acting under color of state law, deprives a prisoner of his Eighth Amendment rights. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Here, as an initial matter, the Court notes that Plaintiff has named only WCF as a defendant. Because the jail is not a suable entity, and he has not identified or named any other defendants either individually or otherwise, his claims must be dismissed. See *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (a building is not a suable entity).

Furthermore, even if Plaintiff had named additional defendants, his complaint as drafted does not state any valid claims. Plaintiff alleges that he was not given safety glasses while working on a ceiling and was injured as a result. There is no indication that the policy or practice at WCF was to repeatedly deny workers proper safety gear; in fact, the complaint suggests that the lack of safety glasses was a temporary condition, as

Plaintiff states that new glasses were on their way to the facility. See generally *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). Plaintiff also alleges that he has a permanent scar on his eye that causes his vision to be blurred. However, he does not allege any deficiencies in practices or policies related to medical care that caused this condition. *Id*.

With regard to potential individual liability, although it may have been negligent for the supervisor not to provide Plaintiff with safety glasses, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Here, Plaintiff has not alleged any facts from which it could be inferred that the supervisor and/or shop boss knew that working on the ceiling without safety glasses created a serious safety risk or that they were deliberately indifferent to Plaintiff's needs.

Similarly, "[f]or a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to

demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Plaintiff alleges that, after the incident, he complained of eye pain for two days and was then taken to a nurse who washed his eye out, provided him with eye drops, and placed a patch over his eye. After several requests, he was then taken to an eye doctor. These allegations are simply insufficient to state a claim against the nurse for a violation of the Eighth Amendment.

Plaintiff's complaint is well written, and it does not appear that he omitted any relevant facts related to the incident or subsequent medical care. Nevertheless, if he has facts showing that a proper defendant is liable for violating his rights, he may file an amended complaint. See *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If not, he need not file one.


CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **April 27, 2018,** to file an amended complaint in accordance with this order and either pay the filing fee <u>or</u> re-file his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing;

and

(4) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

DATED: March 26, 2018                    /s/RUDY LOZANO, Judge
                                         United States District Court